IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-9-DWD |
| ) | |
| NATIONSTAR L.L.C., ) | |
| d/b/a MISTER COOPER, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff George Tolbert, proceeding *pro se*, initiated this action in the Southern District of Illinois on January 2, 2024, pursuant to the foreclosure of his home located at 7107 S. Vernon Avenue in Chicago, Illinois ("Chicago property"). (Doc. 3). Plaintiff's Complaint (Doc. 3) and Motion to Proceed *in forma pauperis* (Doc. 4) are now before the Court for preliminary review pursuant to 28 U.S.C § 1915.

### Legal Standards

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability to pay such fees or give security therefore and stating, the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Under § 1915(e)(2), the Court is also required to consider if a party has presented plausible claims for relief before granting pauper status. The Court may dismiss a case or deny a party's *in forma pauperis* application if the action is clearly

frivolous or malicious, fails to state a claim, or seeks monetary damages from a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).

## The Complaint

Here, although Plaintiff's complaint is legible, it is difficult to understand. It appears that the allegations generally relate to Defendant's foreclosure action on Plaintiff's Chicago property, in an alleged breach of their mortgage contract. (Doc. 3, pp. 1-2).[1] The Complaint also admits that Plaintiff has already filed an action related to the foreclosure of the Chicago property that remains pending in the Northern District of Illinois. (*Id.* at 1; Doc. 3-2, p. 1).[2] Consequently, the Court questions whether it is the proper venue to hear Plaintiff's claims.

## Analysis

Venue may be raised by the Court *sua sponte* where venue is improper. *United Fin. Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 896 (N.D. Ill. 2002). Where a case is filed in the wrong district, the court has discretion to "dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Section 1391, which states the requirements for proper venue, provides that:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the

---

[1] The Complaint contains many nonsensical claims. Plaintiff alleges that Defendant violated the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, 124 Stat. 1376, by not following the 120 day-waiting period for foreclosure actions, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*, by charging him for unnecessary property management fees, his Sixth Amendment right to a speedy trial, and his Seventh Amendment right to a jury trial. (Doc. 3, pp. 1-2, 8-9).

[2] Plaintiff initiated his action against "Nationstarr" in the Northern District of Illinois on December 30, 2021. *See Tolbert v. Nationstarr*, 1:21-cv-6922, ECF No. 1.

> district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, it is readily apparent that this Court lacks venue over Plaintiff's claims. Plaintiff's claims are exclusively related to events and property located in Chicago. Based on Plaintiff's Complaint, no parties reside in the Southern District of Illinois. Additionally, no events based in the Complaint occurred in the Southern District of Illinois. Venue is therefore improper in this district. The Court now considers whether, according to § 1406(a), it is appropriate to transfer or dismiss this case.

Transfers in the interests of justice are generally favored over dismissals of actions. *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). However, dismissals for improper venue are appropriate as a severe penalty where plaintiff's filing of the action "smacks of harassment or evidences some other element of bad faith." *Nanz Trustee, Inc. v. Amer. Nat'l Bank & Trust Co.*, 423 F. Supp. 930, 932 (E.D. Wis. 1977) (quoting Moore's Federal Practice para. 0.146[5] (2d ed. 1976) at 1666); *but c.f. Bowes-N. v. Choices Hotel Int'l*, No. 2:21-CV-331-TLS-JEM, 2022 WL 524342, at *2 (N.D. Ind. Feb. 22, 2022) (dismissing the case for improper venue after finding "that it [was] not in the interests of justice to transfer" the case). In this case, the interests of justice favor dismissal because Plaintiff's claims are barred by the doctrine of *res judicata*.

The doctrine of *res judicata* "blocks a second lawsuit if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity

3

of the causes of action." *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021) (quoting *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015)). Claim splitting in duplicative lawsuits is a subset of the *res judicata* doctrine. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). The requirements of claim splitting are less stringent than and do not include the second factor of *res judicata*—i.e., a final judgment on the merits in the first case. *Scholz*, 18 F.4th at 952 (citing *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). As such, in its claim splitting analysis, the Court only needs to consider whether the two lawsuits share an identity of the parties and of the causes of action. *Id.*

Both elements are satisfied in this case. Plaintiff brings both cases against the same defendant, Nationstar, and both lawsuits "arise out of the same operative facts or the same transaction." *Id.* (citing *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)). That is, both cases "are based on the same, or nearly the same, factual allegations" related to Nationstar's foreclosure action on Plaintiff's Chicago property. *Matrix*, 649 F.3d at 547 (quoting *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). In fact, Plaintiff admits in the Complaint that he filed an action in the Northern District of Illinois against Nationstar related to the same events at issue here. Accordingly, the rule against claim splitting applies and weighs in favor of dismissal. *See Scholz*, 18 F.4th at 953; *Roumann Consulting, Inc. v. Symbiont Constr., Inc.*, No. 22-2874, 2024 WL 3181460, at *3-4 (7th Cir. June 26, 2024).

Here, it is plainly apparent that this case was brought by Plaintiff to "take another bite at the apple." *Scholz*, 18 F.4th at 953. Put another way, Plaintiff filed this second lawsuit in an attempt to relitigate claims from or raise new claims that he was obligated

4

to bring in his first case in the Northern District of Illinois, because he is dissatisfied with the other court's handling of his claims. *See id.* Such forum-shopping will not be tolerated in this Court and can be a basis for sanctions. *See, e.g.*, *Anderson v. Yedinak*, No. 1:21-CV-01340, 2022 WL 567833, at *5 (C.D. Ill. Feb. 24, 2022) ("Given Plaintiff's repeated noncompliance with court orders and failure to prosecute this case, his claims' fourteen prior dismissals without prejudice [due to improper venue], and the five *McMahan* factors favoring dismissal, the Court concludes dismissal with prejudice under Rule 41(b) is warranted." (citing *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018)).

## Disposition

In light of the above, Plaintiff's claims are **DISMISSED, without prejudice**, pursuant to 28 U.S.C. 1406(a) and 28 U.S.C. 1391(b). The Motion for Leave Proceed *in forma pauperis* (Doc. 4) is also **DENIED, as moot.** The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**SO ORDERED.**

Dated: September 20, 2024

_____
DAVID W. DUGAN
United States District Judge